UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK ANTOL,

      Plaintiff,

V                                    CASE NO. 1:17-cv-613

ADAM DENT, et al,                HON. JANET T. NEFF

      Defendants.

_____/

J. Nicholas Bostic (P40653)
Attorney for Plaintiff
909 N. Washington Avenue
Lansing, MI 48903
517-706-0132

John G. Fedynsky (P65232)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendant Casey Trucks
525 W. Ottawa Street
PO Box 30736
Lansing, MI 48909
517-373-6434

Allan C. Vander Laan (P33893)
Curt A. Benson (P38891)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants Adam Dent,
Kate Strauss, Case Bringedahl & Peter Kutches
2851 Charlevoix Dr., SE – Suite 327
Grand Rapids, MI 49546
616-975-7470

Douglas M. Hughes (P30958)
John M. Karafa (P36007)
Williams Hughes PLLC
Attorneys for Defendant WEMET
120 W. Apple Avenue
Muskegon, MI 49440
231-726-4857

_____/

## DEFENDANT WEST MICHIGAN ENFORCEMENT TEAM'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND STATEMENT OF RELIANCE ON JURY DEMAND

NOW COMES Defendant, West Michigan Enforcement Team (hereafter at times "WEMET"), by and through its attorneys, WILLIAMS HUGHES PLLC, and for its Answer to Plaintiffs' Complaint, states:

1.     This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims.

**ANSWER: Defendant WEMET denies as untrue any allegation or implication made by plaintiffs in their complaint of WEMET having violated the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims, and more particularly denies each of the plaintiffs' claims of entitlement to the relief requested.**

2.     Plaintiff Derek Antol is, and at all relevant times was, a competent adult and a resident of Muskegon County in the State of Michigan.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiff Derek Antol to his proofs thereon.**

3.     Plaintiff DSA and DSAII are minors (Date of Birth: xx/xx/2001, and xx/xx/1999, respectively), the biological children of Plaintiff Antol and at all relevant times were residents of Muskegon County in the State of Michigan.

**ANSWER:   Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs DSA and DSAII to their proofs thereon.**

4.     Plaintiff Tryston Antol, was a minor at the time of the incident, has reached the age of majority and is the biological child of Plaintiff Antol and at all relevant times

was a resident of Muskegon County in the State of Michigan.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiff Tryston Antol to his/her proofs thereon.**

5.      Defendant Adam Dent is a police officer for the City of Muskegon assigned to the West Michigan Enforcement Team, his county of residence is unknown, and his place of conducting business is Muskegon County in the State of Michigan.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

6.      Defendant Kate Strauss is a police officer for the Michigan State Police, is assigned to the Western Michigan Enforcement Team, her county of residence is unknown, and her place of conducting business is Muskegon County in the State of Michigan.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

7.      Defendants Casey Bringedahl (officer), Casey Trucks (trooper), and Pete Kutches (officer) are officers assigned to WEMET, they conduct their business in Muskegon County in the State of Michigan, and their residences are unknown.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

8.     Defendant Western Michigan Enforcement Team (WEMET) is a public body and a legal entity organized under the laws of the state of Michigan and maintains its principle place of business in Ottawa County in the Western District of Michigan.

**ANSWER: The allegations and legal conclusions, in the manner and form stated, are denied as untrue.**

9.     This cause of action arose in Muskegon County, Ottawa County, and in the Western District of Michigan.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

10.     At all times relevant to this matter, Defendants were acting under color of law.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

11.     The damages exceed $25,000.00.

**ANSWER: The allegations as to damages are denied as untrue.**

GENERAL ALLEGATIONS

12.     Paragraphs 1-11 are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-11, as if more fully stated herein.**

13.     On July 9, 2014, Non-Parties Schmitz, Marshall, Vogt, Parolini, and Defendant Straus entered the public portion of premises known as Deuces Wild Smoke Shop at 885 East Apple Avenue, Muskegon, Michigan.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

14.     The building houses two entities and only the northern portion, Deuces Wild Smoke Shop, is open to the public with the southern portion being restricted to licensed medical marihuana patients associated with licensed (state) caregiver Samantha Conklin.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

15.     The southern portion has signs and locked doors prohibiting entry except when escorted by Ms. Conklin.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

16.     The signs and locked doors in place in July 2014 were arranged so as to comply with developments of state law during 2013.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

17.     Mr. Schmitz arrived with Michigan Department of Treasury Agent Gregory A. Parolini who was there ostensibly to conduct a tobacco tax inspection and claimed that he was with the 6th District Tobacco Tax Team.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

18.     Schmitz, Marshall, Parolini, Vogt and Defendant Straus along with police officers demanded entry into the southern portion of the building.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

19.     Ms. Conklin denied them entry and explained that it was not open to the public.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

20.     Ms. Conklin was threatened with arrest if she did not consent.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

21.     Ms. Conklin refused to grant consent and Schmitt, Marshall, Vogt and Defendant Straus but they walked past her and into the southern portion of the building.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

22.     Plaintiff Antol also notified Schmitt, Marshall, Vogt and Defendant Straus and that they were not allowed to enter the southern portion of the building.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

23.     Once present, they observed medical marihuana which was lawfully possessed under state law.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

24.     Defendant Straus interviewed Plaintiff Antol while at 885 E. Apple Avenue on July 9, 2014 during which interview he indicated that he owned and operated Deuces Wild Smoke Shop and that it was a completely separate' entity from the operations in the southern portion of the building.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

25.     Plaintiff Antol also informed Defendant Straus of the location of two residential properties one of which he was purchasing on land contract in his name and the other which he was purchasing on a land contract as-co-signer with Ms. Conklin.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

26.     Schmitz, Marshall and Defendant Straus then relayed their observations to Defendant Adam Dent and knew or should have known that there were two separate entities at 885 E. Apple Avenue and that the observations made by Schmitz, Marshall, and Defendant Straus were made while they were unlawfully present in the southern portion of the building.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

27.     Defendant Dent prepared an affidavit for a search warrant and submitted it to a state court magistrate who authorized the search warrant for all three locations: 885 E. Apple Avenue, 423 Farr Road, and 17 9 N. Green Creek Road.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

28.     Defendant Dent failed to disclose that there were two separate business entities at 885 E. Apple and that Schmitz, Marshall, Vogt, and Defendant Straus unlawfully obtained their observations and information.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

COUNT I – UNLAWFUL SEIZURE BY DESTRUCTION
(42 U.S.C. §1983 – Fourth Amendment – DVR Recorder)

29.     Paragraphs 1-28 are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-28, as if more fully stated herein.**

30.     On July 9, 2014, Defendant Dent seized surveillance/security equipment and a DVR (among other items) at E. Apple from Plaintiff Antol.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

31.     Plaintiff Antol had lawful possession of the seized items.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

32.     Plaintiff Antol did not give consent for the seizure of the listed items.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

33.     Defendant Dent had no probable cause to seize the listed items.

**ANSWER: Denied as untrue.**

34.     Defendant Dent or someone on his behalf provided Plaintiff Antol with a Notice of Seizure and Intent to Forfeit pursuant to MCL 333.7523.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

35.    Plaintiff Antol posted a bond pursuant to MCL 3337523(l)(c) for the seized items.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

36.    Defendant Dent turned over possession of the seized items to Defendant Fias and WEMET.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

37.    In July and August 2014, the Muskegon County Prosecutor's Office on behalf of WEMET, instituted three civil forfeiture actions in the Muskegon County Circuit Court (14- 49627-CF, 14-49628-CF and 14-49638-CF) but the surveillance/security equipment and DVR were not listed as items to be seized.

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

38.    The three civil forfeiture actions were resolved by forfeiting a portion of a cash seizure to WEMET and an order entered in each file which contained the following statement: "All personal property seized from Claimant and Claimant's minor children that does not contain THC shall be returned to Claimant."

> **ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

39.    The orders were entered on June 29, 2015 (14-49627-CF) and June 22, 2015 (14-49628- CF and 14-49638-CF).

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

40.    The orders in 49628 and 49638 were served on counsel for WEMET on June 23, 2015.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

41.    The order ii\ 49627 was served on counsel for WEMET on July 8, 2015.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

42.    On July 22, 2015, counsel for Plaintiff Antol sent the Assistant Prosecutor (Mr. Roberts) an e-mail asking him to have WEMET expedite return of the property, seized cash, and forfeiture bonds.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

43.     On August 2, 2015, counsel for Plaintiff Antol sent an e-mail to the
Assistant Prosecutor (Mr. Roberts) to follow up and expedite satisfaction of those
judgments.

**ANSWER**: **Neither admitted nor denied as Defendant WEMET is without**
**sufficient information and belief as to the truthfulness of the stated**
**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

44.     Mr. Roberts acknowledged and responded on August 4, 2015 indicating
that he had forwarded the orders to WEMET to process.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**
**sufficient information and belief as to the truthfulness of the stated**
**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

45.     On August 26, 2015, WEMET's team leader Andy Fias conducted an audit
and confirmed the location of the DVR in his storage room.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**
**sufficient information and belief as to the truthfulness of the stated**
**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

46.     On September 8, 2015, WEMET notified counsel that checks were ready for
Plaintiff to pick up representing payment of the seized cash.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**
**sufficient information and belief as to the truthfulness of the stated**
**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

47.     On September 9, 2015, counsel for Plaintiff Antol sent an e-mail to Mr.
Roberts again seeking full compliance because the bond money return was still

outstanding.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

48.     On September 9, 2015, counsel for WEMET acknowledged and replied.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

49.     On or about September 10, 2015, counsel for WEMET indicated that some property would not be returned because WEMET wanted to retain some of the property for the duration of the appeal period.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

50.     As of September 14, 2015, Plaintiff Antol had received all property back except the DVR and security cameras and the refund of the forfeiture bond money was to occur on September 11, 2015.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

51.     On September 18, 2015, the DVR only was authorized for destruction by the Michigan State Police and WEMET.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

52. As of September 23, 2015, WEMET had still failed to return the bond forfeiture payments to Plaintiff Antol.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

53. On November 9, 2015, counsel for Plaintiff Antol sent another e-mail once again asking that all property be returned (DVR and items considered "evidence").

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

54. On December 8, 2015, the DVR only was destroyed by Defendant Straus by being thrown into an incinerator.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

55. On February 29, 2016, counsel for Plaintiff Antol sent a letter to the County Prosecutor, D.J. Hilson, warning him that he was in contempt of court for failure to comply with the orders in the civil forfeiture case and the criminal plea agreement.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

56.     On March 21, 2016, Lt. Andy Fias finally admitted to counsel for Plaintiff Antol that the DVR had been destroyed.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

57.     Lt. Andy Fias asserted that the reason for the destruction was because it contained images of undercover officers.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

58.     The DVR was not contraband.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

59.     No property interest was ever obtained by the Michigan State Police, WEMET, or any Defendant in the DVR.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

60.     No statute or court order authorized the retention of the DVR.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

61.     No statute or court order authorized the destruction of the DVR.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

62.     Plaintiff Antol did not consent to the destruction of the DVR.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

63.     Defendants WEMET, and Straus had knowledge of the court orders to return the DVR because they returned all other personal property except the DVR and security cameras which were seized at the same time as those items.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without**

**sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

64.     Defendants Straus, and WEMET's destruction of the DVR was deliberate and intentional.

**ANSWER: The allegations are argumentative and presume disputed facts and are otherwise, in their entirety, denied as untrue.**

65.     On December 8, 2015, it was clearly established that the physical destruction of personal property was a seizure that had to be based on a valid and judicially issued warrant or otherwise mandated by law.

**ANSWER: Plaintiffs' allegations state conclusions of law to which no**

**response is required, and none is given; to the extent a response is deemed required, Defendant WEMET denies as untrue Plaintiffs' erroneous conclusions of law, and further denies as untrue any allegation or implication of liability to Plaintiffs.**

66.     The destruction of the DVR on December 8, 2015 was unreasonable and violated the Fourth Amendment privacy rights of Plaintiff Antol.

**ANSWER**: **Denied as untrue.**

67.     No reasonably trained and experienced police officer would have believed that the destruction of the DVR on December 8, 2015 was lawful.

**ANSWER: Denied as untrue.**

68.     Plaintiff Antol was damaged as a result of the unlawful seizure by destruction of the DVR in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, the loss of value of the item, emotional distress, anxiety, and mental anguish and interruption to his lawful business operations.

**ANSWER: Denied as untrue.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

COUNT II – UNLAWFUL SEARCH – NO WARRANT
(42 U.S.C. §1983 – Fourth Amendment – Greencreek – initial entry)

69.     Paragraphs 1-68 are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-68, as if more fully stated herein.**

70.     On July 9, 2014, Defendants Bringedahl, Trucks and Kutches unlawfully entered into the Green Creek address before the search warrant was obtained by Defendant Dent without a warrant, without probable cause and without an exception to the warrant requirement.

**ANSWER: The Plaintiffs' allegations and conclusions of law, however erroneous, are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations and conclusions are, in their entirety, denied as untrue.**

71.     In gaining entry, Defendants Bringedahl, Trucks, and Kutches broke down a closed door causing damage without a warrant, without probable cause, and without an exception to the warrant requirement.

**ANSWER: The Plaintiffs' allegations and conclusions of law, however erroneous, are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations and conclusions are, in their entirety, denied as untrue.**

72.     Plaintiff DSA was lawfully present at the time of the initial entry into the Green Creek address.

**ANSWER: Neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated**

**allegations, and therefore leaves Plaintiffs to their proofs thereon.**

73.     The initial entry and search of the Green Creek address on July 9, 2014 violated the rights to privacy guaranteed by the Fourth Amendment to the United States Constitution held by Plaintiffs DSA, DS'AII, and Tryston Antol.

> **ANSWER: The Plaintiffs' allegations and conclusions of law, however erroneous, are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations and conclusions are, in their entirety, denied as untrue.**

74.     On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or supported by probable cause and a valid, recognized exception to the warrant requirement.

> **ANSWER: The Plaintiffs' state in argumentative terms various conclusions of law without allegations of fact, to which no response is required and none is given; further, the allegations are not asserted against Defendant WEMET, and for this additional reason no response would appear to be required; alternatively, to the extent a response is deemed required, Defendant denies the legal conclusions as erroneous, and further denies as untrue any factual allegations or implications of liability to Plaintiffs.**

75.     No reasonably trained and experienced police officer would have believed that the entry and search of the Green Creek address on July 9, 2014 was lawful.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations are denied as untrue.**

76.     Plaintiffs DSA, DSAII, and Tryston Antol were damaged as a result of the initial entry and unlawful search of the Green Creek address in that they suffered the loss of the protection of the Fourth Amendment to the United States Constitution and significant emotional distress due to the occupants being minors, and damage to the building.

**ANSWER: The Plaintiffs' allegations and conclusions of law, however erroneous, are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations and conclusions are, in their entirety, denied as untrue.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

COUNT III – UNLAWFUL SEARCH – 42 U.S.C. §1983
(Fourth Amendment – invalid warrant – N. Greencreek)

77.     Paragraphs 1 through 76 above are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-76, as if more fully stated herein.**

78.     On July 9, 2014, Defendant Dent swore to the facts in an affidavit requesting a search warrant for the residential address of 1769 N. Green Creek.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations are neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

79.     The Green Creek address was also used as the residence of Plaintiffs DSA, DSAII, minors, and Tryston Antol.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations are neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

80.     Defendant Dent's affidavit failed to establish any nexus between the observations at 885 E. Apple and the Green Creek address.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations are denied as untrue.**

81.     Defendant Dent's affidavit falsely alleges and suggests that Plaintiff Antol's business operated in the southern portion of the building at 885 E. Apple.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant**

**WEMET, and therefore no response is required, and none is given; to the extent a response is deemed required, the allegations are denied as untrue.**

82.     Defendant Dent's affidavit utilizes the information unlawfully obtained by Schmitz, Marshall, Vogt, and Defendant Straus but fails to inform the state magistrate that Defendant Dent knew or should have known that the information was unlawfully acquired.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

83.     The allegations in the affidavit fail to establish probable cause that evidence of any criminal activity was ongoing on July 9, 2014 at the Green Creek address.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

84.     Police officers certified in the State of Michigan are not empowered to enforce federal law.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant**

**WEMET, and therefore no response is required, and none is given; further, the allegations state conclusions of  law without assertions of fact to which no response is required; alternatively, to the extent a response is deemed required, the allegations are neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

85.     The search of the Greencreek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss, on July 9, 2014 was without a valid warrant supported by probable cause.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

86.     The search of the Greencreek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss on July 9, 2014 was without probable cause.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

87.     The search of the Greencreek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss on July 9, 2014 was without any valid exception to the warrant requirement of the Fourth Amendment.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

88.     The search of the Greencreek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss on July 9, 2014 was unreasonable.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

89.     The search of the Greencreek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss on July 9, 2014 violated Plaintiff DSA's, DSAII's, and Tryston Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given;**

**alternatively, to the extent a response is deemed required, Defendant**

**denies the plaintiffs' assertions in their entirety, as untrue.**

90.     On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

**ANSWER: The Plaintiffs' state conclusions of law without allegations of fact, to which no response is required and none is given; further, the allegations are not asserted against Defendant WEMET, and for this additional reason no response would appear to be required; alternatively, to the extent a response is deemed required, Defendant acknowledges all correctly stated legal conclusions, and denies as untrue any factual allegations or implications of liability to Plaintiffs.**

91.     No reasonably trained and experienced police officer would have relied on the search warrant used on July 9, 2014 to search the Greencreek address.

**ANSWER: Plaintiffs' allegations are not asserted against Defendant WEMET, and for this reason no response would appear to be required; alternatively, to the extent a response is deemed required, Defendant denies as untrue the allegations.**

92.     No reasonably trained and experienced police officer would have believed that the search of the Green Creek address caused by Defendant Dent and executed by Defendants Bringedahl, Trucks, Kutches, and Strauss on July 9, 2014 was lawful.

**ANSWER: Plaintiffs' allegations are not asserted against Defendant WEMET, and for this reason no response would appear to be required;**

**alternatively, to the extent a response is deemed required, Defendant**

**denies as untrue the allegations.**

93.    Plaintiffs DSA, DSAII, and Tryston Antal were damaged as a result of the unlawful search of the Greencreek address in that they suffered the loss of the protection of the Fourth Amendment to the United States Constitution, significant emotional distress, the seizure of their property, and damage to the closed door.

**ANSWER: These allegations are denied as untrue.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

COUNT IV – UNREASONABLE SEIZURE/FALSE ARREST<br>(42 U.S.C. §1983 Fourth Amendment DSA)

94.    Plaintiff hereby incorporates paragraphs 1 through 93 above by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its**

**answers to each of the preceding paragraphs, 1-93, as if more fully stated herein.**

95.    Plaintiff DSA was in his dwelling on July 9, 2014 when Defendants Bringedahl, Trucks, Kutches, and Strauss executed the unlawfully obtained warrant.

**ANSWER: The Plaintiffs' argumentative conclusions of law and**

**allegations of fact are not asserted against Defendant WEMET, and**

**therefore no response would appear to be required and none is given;**

**alternatively, to the extent a response is deemed required, Defendant**

**denies the plaintiffs' assertions in their entirety, as untrue.**

96.    Defendants Bringedahl, Trucks, Kutches, and Strauss, pursuant to the unlawful warrant obtained by Defendant Dent, ordered Plaintiff DSA from his bedroom at gunpoint, restricted his movements, and detained him while waiting for the search warrant to arrive.

**ANSWER: The Plaintiffs' argumentative conclusions of law and allegations of fact are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the plaintiffs' assertions in their entirety, as untrue.**

97.    The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, Plaintiffs' complaint states conclusions of law without fact allegations, and for this additional reason no response is required; to the extent a response is deemed required, Defendant agrees with those properly stated conclusions and denies as untrue those improperly stated conclusions; in further answer, Defendant denies as untrue any allegation or implication of liability to Plaintiffs.**

98.    Defendants Bringedahl, Trucks, Kutches, and Strauss may only detain a citizen when there is a reasonable, articulable suspicion that criminal activity has occurred or is occurring.

**ANSWER: The Plaintiffs' argumentative conclusions of law without fact**

**allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, and without any facts being alleged, Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

99.    Defendants Bringedahl, Trucks, Kutches, and Strauss may only arrest or cause the arrest of someone with a warrant or probable cause.

**ANSWER: The Plaintiffs' argumentative conclusions of law without fact allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, and without any facts being alleged, Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

100.    Defendants Bringedahl, Trucks, Kutches, and Strauss did not have a reasonable, articulable suspicion or probable cause to detain or arrest Plaintiff DSA.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, to the extent a response is deemed required, Defendant denies as untrue the stated allegations.**

101.    On July 9, 2014, Defendants Bringedahl, Trucks, Kutches, and Strauss caused the unlawful detention or arrest of Plaintiff DSA by ordering him to leave his

bedroom and restricting his movements while waiting for and executing the search warrant knowing that a reasonable, articulable suspicion or probable cause were lacking.

> **ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, to the extent a response is deemed required, Defendant denies as untrue the stated allegations.**

102.    As of July 9, 2014, it was clearly established law that law enforcement officers who detain, arrest or cause the arrest of citizens without probable cause are violating the Fourth Amendment of the United States Constitution.

> **ANSWER: The Plaintiffs' argumentative conclusions of law without fact allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, and without any facts being alleged, Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

103.    On or about July 9, 2014, no reasonably trained law enforcement officer would have believed that probable cause for an arrest warrant existed under the circumstances in this case.

> **ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, to the extent a response is deemed required, Defendant**

**denies as untrue the stated allegations.**

104.    The conduct of Defendants Bringedahl, Trucks, Kutches, and Strauss caused Plaintiff DSA to be deprived of his liberty.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, to the extent a response is deemed required, Defendant denies as untrue the stated allegations.**

105.    Plaintiff DSA was damaged by the conduct of Defendants Bringedahl, Trucks, Kutches, and Strauss in that Plaintiff DSA suffered stress, anxiety, embarrassment, humiliation, and loss of liberty.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; further, to the extent a response is deemed required, Defendant denies as untrue the stated allegations.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

COUNT V – UNREASONABLE SEIZURE (42 U.S.C. §1983)
(Fourth Amendment – Greencreek – TAA)

106.    Paragraphs I through 106 above are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-105, as if more fully stated herein.**

107.   Defendant Dent initially released Tryston Antol to his biological mother.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

108.   Defendant Dent then realized that Plaintiff Antol had used Tryston's cell phone to record portions of the unlawful conduct of the Defendants.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

109.   Defendant Dent then ordered Plaintiff to produce the cellular telephone belonging to Plaintiff Tryston.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to**

their proofs thereon.

110.    Plaintiff explained that the child had been released to his mother.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

111.    Defendant Dent then threatened Plaintiff Antol by making a statement to the effect of "if you think I'm a prick now, if you don't get that phone over here you'll regret what I'm going to do to your business."

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

112.    Plaintiff then convinced his ex-wife to return with the child and the phone.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

113.    Defendant Dent then seized an IPhone from Tryston Antol.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

114.    Plaintiff Tryston Antol had lawful possession of the seized phone.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

115.    Plaintiff Tryston Antol did not give consent for the seizure of the phone.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

116.    Defendant Dent had no probable cause to seize the phone.

**ANSWER:  The Plaintiffs' allegations are not asserted against Defendant**

**WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

117.   Defendant Dent had no court order authorizing the seizure of the phone.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant states it is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

118.   Defendant Dent's seizure of the phone was without any valid exception to the warrant requirement of the Fourth Amendment.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

119.   Defendant Dent's seizure of the phone on July 9, 2014 was unreasonable.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

120.   Defendant Dent's seizure of the phone on July 9, 2014 violated Tryston Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

121.   On July 9, 2014, it was clearly established that a seizure had to be based on a valid and judicially issued warrant or supported by probable cause and a valid, recognized exception to the warrant requirement.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; further, the allegations state conclusions of  law without assertions of fact to which no response is required; alternatively, to the extent a response is deemed required, the allegations are neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

122.   No reasonably trained and experienced police officer would have believed that the seizure of the phone on July 9, 2014 was lawful.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required,**

**Defendant denies the allegations as untrue.**

123.   Tryston Antol was damaged as a result of the unlawful seizure of the phone in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, the loss of value of the items, significant emotional distress, anxiety, and mental anguish.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

COUNT VI – FALSE ARREST
State Law – Plaintiff DSA

124.   Paragraphs 1 through 123 above are incorporated herein by reference.

**ANSWER: Defendant WEMET incorporates by reference and re-asserts its answers to each of the preceding paragraphs, 1-123, as if more fully stated herein.**

125.   Defendants Bringedahl, Trucks, Kutches, and Strauss did not have probable cause to arrest or detain Plaintiff DSA on July 9, 2014.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

126.   Defendants Bringedahl, Trucks, Kutches, and Strauss did not have a warrant to arrest or detain Plaintiff DSA on July 9, 2014.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response is required, and none is given; further, to the extent a response is deemed required, the allegations are neither admitted nor denied as Defendant WEMET is without sufficient information and belief as to the truthfulness of the stated allegations, and therefore leaves Plaintiffs to their proofs thereon.**

127.   The arrest or detention caused by Defendants Bringedahl, Trucks, Kutches, and Strauss was unreasonable and in violation of the Fourth Amendment to the United States Constitution.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

128.   As a result of the illegal arrest or detention, Plaintiff DSA suffered humiliation, anxiety, and loss of liberty, and emotional distress.

**ANSWER: The Plaintiffs' allegations are not asserted against Defendant WEMET, and therefore no response would appear to be required and none is given; alternatively, to the extent a response is deemed required, Defendant denies the allegations as untrue.**

WHEREFORE, Defendant WEMET respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in favor of Defendant, and grant to Defendant any further relief to which it is found to be entitled, in equity or under law, including its costs and reasonable attorney fees.

WILLIAMS HUGHES, PLLC

Dated:  December 13, 2017          By:    /s/ Douglas M. Hughes
                                          Douglas M. Hughes (P30958)
                                          John M. Karafa (P36007)
                                          Attorneys for Defendants

                                          Business Address:
                                          120 W. Apple Avenue, P.O. Box 599
                                          Muskegon, MI 49443-0599
                                          Telephone:  231-726-4857
                                          Fax:  231-727-2130

## AFFIRMATIVE DEFENSES

1.      The Plaintiff has failed to state a claim upon which relief can be granted.

2.      Some or all of Plaintiffs' alleged injuries were brought about, in whole or in part, through their own misconduct.

3.      Plaintiffs' damages, if any, may be reduced by his/her/their own comparative fault.  In the alternative, Plaintiffs' own intentional, willful, wanton, reckless and/or negligent conduct caused or contributed to his/her/their damages, if any, and any such damages must be reduced accordingly.

4.      To the extent Plaintiffs are asserting a claim for municipal liability, Plaintiffs' claims against Defendant fails to satisfy the standard set forth in Monell v Dept. of Social Services, Canton v Harris, and their progeny.

5.      Defendant is entitled to qualified immunity on Plaintiffs' 42 U.S.C. §1983 claim.

6.      Defendant is entitled to good faith immunity because an honest belief existed that its actions were reasonable responses to the totality of the circumstances as they appeared at that time.

7.      The proximate cause of any and all injuries suffered by Plaintiffs is a result of negligence or persons and/or entities other than this Defendant.

8.      Defendant objects to the misjoinder of any and all claims and any and all parties.

9.      Plaintiffs' claims may be barred or reduced by release, payment, prior judgment and/or discharge.

10.     Plaintiffs' claims may be barred by the doctrines of release, waiver, collateral estoppel, judicial estoppel, res judicata, unclean hands, and/or consent.

11.     Defendant may not be held liable on a respondent superior theory in a case under 42 U.S.C. §1983.

12.     Defendant is entitled to a set off to the extent the Plaintiffs have recovered compensation from collateral sources.

13.     If the evidence revealed through discovery supports such an argument, then Defendant reserves the right to contend Plaintiffs failed to mitigate their alleged damages.

14.     All state law claims of the Plaintiffs for damages against Defendant are barred by immunity, including that immunity statutorily granted pursuant to MCL 691.1401 et seq.

15.     Plaintiffs' claims may be untimely pursuant to an applicable statute of limitations, or the doctrine of laches; for state law claims, see for example, MCL 600.5805 (2) and (7).

16.     Plaintiffs have failed to state a valid claim against Defendant as to Count I – Unlawful Seizure by Destruction; Count II – Unlawful Search – No Warrant; Count III – Unlawful Search (42 U.S.C. §1983); Count IV – Unreasonable Seizure/False Arrest; Count V – Unreasonable Seizure (42 U.S.C. §1983); and  Count VI – False Arrest.

17.      Defendant WEMET is not a proper party to this Complaint, and  more particularly, Defendant is not a proper party in Plaintiffs' purported actions under 42 U.S.C. §1983.

18.     The Plaintiffs have failed to allege or provide an appropriate basis to invoke this Court's jurisdiction.

19.     This Court lacks subject matter jurisdiction.

20.     The Plaintiffs have failed to join a necessary or an indispensable party.

21.     The Plaintiffs, each of them, lack standing.

22.     The federal right which purportedly supports Plaintiffs' claims are/were not sufficiently clear, and therefore Defendant would not have known that a violation of Plaintiffs' alleged rights would have occurred. *Anderson v Creighton*, 483 US 635 (1987).

23     Plaintiffs' damages are *de minimus*.

24.     Defendant acted at all relevant times in good faith, and at all times in reasonable belief that actions were lawful.

25.     Defendant WEMET reserves the right to add further and additional affirmative defenses as they may become known through the course of discovery.

WILLIAMS HUGHES, PLLC

Dated:  December 13, 2017          By:   /s/ Douglas M. Hughes
                                         Douglas M. Hughes (P30958)
                                         John M. Karafa (P36007)
                                         Attorneys for Defendants

                                         Business Address:
                                         120 W. Apple Avenue, P.O. Box 599
                                         Muskegon, MI 49443-0599
                                         Telephone:  231-726-4857
                                         Fax:  231-727-2130


**RELIANCE UPON JURY DEMAND**

Defendant, West Michigan Enforcement Team (WEMET), hereby states its reliance

on the Plaintiffs' Demand for Trial By Jury in the within action.


WILLIAMS HUGHES, PLLC

Dated:  December 13, 2017          By:   /s/ Douglas M. Hughes
                                         Douglas M. Hughes (P30958)
                                         John M. Karafa (P36007)
                                         Attorneys for Defendants

                                         Business Address:
                                         120 W. Apple Avenue, P.O. Box 599
                                         Muskegon, MI 49443-0599
                                         Telephone:  231-726-4857
                                         Fax:  231-727-2130