UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| Derek Antol, individually and as next friend of DSA, a minor, DSAII, a minor, and Tryston Antol,<br>    Plaintiffs, | File No: 1:17-cv-613 |
| v. | |
| Adam Dent, Kate Strauss, Casey Bringedahl, Casey Trucks, Pete Kutches, and Western Michigan Enforcement Team, a public body organized under the laws of the State of Michigan,<br>    Defendants, | Hon. Janet T. Neff<br>U.S. District Court Judge |

| | |
|---|---|
| J. Nicholas Bostic (P40653)<br>Attorney for Plaintiffs<br>909 N. Washington Ave.<br>Lansing MI 48906<br>517-706-0132<br><br>John G. Fedynsky (P65232)<br>Assistant Attorney General<br>Michigan Dep't of Attorney General<br>Attorney for Defendant Casey Trucks<br>525 W. Ottawa St., P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>FedynskyJ@michigan.gov | Allan C. Vander Laan (P33893)<br>Curt A. Benson (P38891)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants Adam Dent, Kate Strauss, Casey Bringedahl & Peter Kutches<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI 49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br><br>Douglas M. Hughes P30958<br>Attorney for Defendant WEMET<br>120 W. Apple Ave., P.O. Box 599<br>Muskegon, MI 49443-0559<br>231-727-2119 |

**FIRST REVISED JOINT STATUS REPORT – RULE 16 CONFERENCE**

    The Rule 16 Scheduling Conference is scheduled for February 28, 2018, at 11:00 a.m., before the Honorable Janet T. Neff. Appearing for the parties as counsel will be

    J. Nicholas Bostic on behalf of Plaintiffs,

    John Fedynsky for Defendant Trucks

    Curt Benson for Defendants Dent, Strauss, Bringedahl, and Kutches,

    John Karafa for Defendant WEMET.

1.     **Jurisdiction:**  The basis for the Court's jurisdiction is 28 U.S.C. §1331 and 28 U.S.C. 1343(a)(4) for the federal claims (Counts I, II, III, IV, and V) and 28 U.S.C. §1367(a) for the state law claim (Count VI).

2.     **Jury or Non-Jury:**  This case is to be tried before a jury.

3.     **Judicial Availability**:  The parties would agree to have a United States Magistrate Judge conduct proceedings related to discovery and non-dispositive motions in the case but do not agree to have a Magistrate Judge hear dispositive motions or preside over the trial.

4.     **Statement of the Case:**  This case involves:

**Plaintiffs' Statement:**

*History*

This is the second federal civil rights lawsuit based on the events of July 9, 2014. The first suit was assigned case number 1:14-cv-00793 and was filed on July 28, 2014. The counts and parties in the First Amended Complaint, R. 7, PageID##40 – 63 were as follows:

| Count | Plaintiffs | Defendants | Currently pursued, differences |
|---|---|---|---|
| 1 – Unlawful search, 4th Amend., E. Apple – warrantless entry | Samanth Conklin | Schultz, Marshall, Vogt, Straus | No. Unlawful destruction, 4th Amend., Antol only, personal property as to Straus & WEMET |
| 2 – Unlawful search, 4th Amend., E. Apple – invalid warrant | Conklin, Derek Antol | Schultz, Marshall, Vogt, Straus, Dent | No. |
| 3 – Unlawful seizure, 4th Amend., E. Apple – personal property. | Derek Antol | Dent | No. |
| 4 – Unlawful seizure, 4th Amend., E. Apple, personal property | Conklin | Dent | No. |
| 5 – Unlawful search, 4th Amend., Green Creek, warrantless entry | Derek Antol & DSA, DSA II, TSA, minors | Bringedahl, WEMET Officer #1 | Count 2 - DSA, DSAII, Tryston as to Bringedahl, Trucks & |

| | | | Kutches |
|---|---|---|---|
| 6 – Unlawful search, 4th Amend. Green Creek, invalid warrant. | Derek Antol, DSA, DSA II, TSA minors | Dent, Bringedahl | Count 3 – DSA, DSA II, Tryson as to Bringedahl, Trucks, Kutches & Strauss. |
| 7 – Unlawful seizure, 4th Amend., Green Creek, cash | Derek Antol | Dent, Bringedahl | No. |
| 8 – Unlawful seizure, 4th Amend., Green Creek, cash | DSA, minor | Bringedahl | No. |
| 9 – Unlawful search, 4th Amend., Farr Road, invalid warrant | Derek Antol, Conklin | Dent, unknown Defendant | No. |
| 10 – unlawful seizure, 4th Amend., Farr Road, personal property | Conklin | Dent, unknown Defendant | No. |
| 11 – unlawful seizure/false arrest, 4th Amend. | DSA, minor | Bringedahl, WEMET Officer #1 | Count 4 – DSA as to Bringedahl, Trucks, Kutches, & Strauss. |
| 12 – unlawful seizure, 4rh Amend., Green Creek, personal property | Tryston Antol (minor at the time). | Dent | Count 5. |
| 13 – Defamation, state law | Derek Antol | Lewis | No. |
| 14 – false arrest, state law | DSA, minor | Bringedahl, WEMET Officer #1 | Count 6 – Bringedahl, Trucks, Kutches, & Strauss. |

As discussed below, the first federal suit was placed in abeyance as part of a global settlement agreement to dispose of the state criminal charges against Plaintiff Antol and former Plaintiff Samantha Conklin. The order stated that 1:14-cv-00793 was "administratively closed" on October 23, 2014 pending resolution of the criminal proceedings in state court and that any party may move to re-open the case within 90 days of the resolution of the criminal proceedings in state court R. 13, PageID##72-73. The criminal charges were resolved in July 2015 when Ms.

3

Conklin was sentenced on her misdemeanor[1] and on September 8, 2015 when Mr. Antol was sentenced. See Attachment 1. The refusal to return property occurred in September or October 2015 and the destruction of the DVR occurred on December 8, 2015. See Attachment 2. Lt. Fias of WEMET did not admit until March 21, 2016 that the DVR had been destroyed.

*The underlying facts.*

On July 9, 2014, three Michigan State Police officers and a state tax agent entered the public portion of Deuces Wild Smoke Shop at 885 East Apple Avenue. The building housed two entities and only the northern portion was open to the public with the southern portion being restricted to licensed medical marihuana patients associated with non-party Samantha Conklin. The southern portion had signs and locked doors prohibiting entry except when escorted.

The MSP officers and tax agent unlawfully entered the southern portion of the building and then called the Western Michigan Enforcement Team. Det. Schmitz observed lawfully possessed medical marihuana and relayed his observations to Defendant Dent. All current Defendants then arrived at the Apple Avenue location or one of two dwellings also owned by Ms. Conklin and Plaintiff Derek Antol.

Defendant Dent knew that there were two separate entities at 885 E. Apple Avenue and that the observations made by Det Schmitz and the other officers were made while they were unlawfully present in the southern portion of the building. Det. Dent had personally been in the facility previously. He submitted an affidavit for and received a search warrant for all three locations: 885 E. Apple Ave., 423 Farr Rd., and 1769 N. Green Creek Rd. Det. Dent failed to disclose that there were two separate business entities at 885 E. Apple and that the initial officers

---

[1] She received a diversionary disposition and it is not available online. Her closed file has not yet been located for an exact date of her sentencing.

4

unlawfully obtained their information.

The affidavit he prepared contained several deficiencies such as a lack of nexus, inaccurate information about which business operated in which portion of the building, that the medical marihuana activity was in violation of state law, or that WEMET detectives had twice been turned down in July 2013 and December 2013 when they attempted to buy medical marihuana.[2] Defendant Dent seized surveillance/security equipment, case register receipts, $124.00 cash, an ASUS laptop computer, a Motorola Droid cell phone, and Samsung cell phone at E. Apple from Mr. Antol in the northern portion of the building.

On July 9, 2014, Defendant Bringedahl and others unlawfully entered into the Green Creek address before the search warrant was obtained by Defendant Dent without a warrant, without probable cause and without an exception to the warrant requirement. In gaining entry, Defendant Bringedahl and others broke down a closed door causing damage without a warrant, without probable cause, and without an exception to the warrant requirement. The affidavit for this location suffers from the same deficiencies as the affidavit for 885 E. Apple. Plaintiff DSA was present in the home. When Defendants Bringedahl, Trucks, Kutches, and Strauss entered the home, some or all of them removed him from his bedroom at gunpoint, restricted his movements, and detained him while waiting for the search warrant to arrive. Plaintiffs DSAII and Tryston Antol resided at the Green Creek address.

On July 9, 2014, Defendant Dent swore to the facts in an affidavit requesting a search warrant for the residential address of 423 Farr Road. Defendant Dent's affidavit suffers from the same deficiencies as the affidavits for 1769 Green Creek and 885 E. Apple.

---

[2] At his deposition in the forfeiture cases, Det. Dent claimed that the need to include these two failed buys "slipped my mind" (Dent, Deposition, 36:16-19).

5

Criminal charges were filed against Plaintiff Antol and Ms. Conklin as well as state forfeiture proceedings. On or about July 28, 2014, counsel for Ms. Conklin sent a demand for preservation to the prosecutor's office in Muskegon County and filed the same with the Muskegon County District Court. The surveillance/security equipment and DVR were not listed as items to be forfeited. The three civil forfeiture actions were resolved by forfeiting a portion of a cash seizure to WEMET and an order entered in each file which contained the following statement: "All personal property seized from Claimant and Claimant's minor children that does not contain THC shall be returned to Claimant."

The orders were entered on June 29, 2015. The orders in two of the forfeiture actions were served on counsel for WEMET on June 23, 2015. The third order was served on counsel for WEMET on July 8, 2015. On July 22, 2015, counsel for Plaintiff Antol sent the Assistant Prosecutor (Mr. Roberts) an e-mail asking him to have WEMET expedite return of the property, seized cash, and forfeiture bonds. On August 2, 2015, counsel for Plaintiff Antol sent an e-mail to the Assistant Prosecutor (Mr. Roberts) to follow up and expedite satisfaction of those judgments. Mr. Roberts acknowledged and responded on August 4, 2015 indicating that he had forwarded the orders to WEMET to process. On August 26, 2015, WEMET's team leader Andy Fias conducted an audit and confirmed the location of the DVR in his storage room. Case 1:17-cv-00613 ECF No. 1 filed 07/08/17 PageID.5 Page 5 of 15

On September 8, 2015, WEMET notified counsel that checks were ready for Plaintiff to pick up representing payment of the seized cash. On September 9, 2015, counsel for Plaintiff Antol sent an e-mail to Mr. Roberts again seeking full compliance because the bond money return was still outstanding. On September 9, 2015, counsel for WEMET acknowledged and replied. On or about September 10, 2015, counsel for WEMET indicated that some property

would not be returned because WEMET wanted to retain some of the property for the duration of the appeal period.

As of September 14, 2015, Plaintiff Antol had received most of property back except the DVR and security cameras and the refund of the forfeiture bond money was to occur on September 11, 2015. On September 18, 2015, the DVR only was authorized for destruction by the Michigan State Police and WEMET. As of September 23, 2015, WEMET had still failed to return the bond forfeiture payments to Plaintiff Antol. On November 9, 2015, counsel for Plaintiff Antol sent another e-mail once again asking that all property be returned (DVR and items considered "evidence"). On December 8, 2015, the DVR only was destroyed by Defendant Straus by being thrown into an incinerator. On February 29, 2016, counsel for Plaintiff Antol sent a letter to the County Prosecutor, D.J. Hilson, warning him that he was in contempt of court for failure to comply with the orders in the civil forfeiture case and the criminal plea agreement. On March 21, 2016, Lt. Andy Fias finally admitted to counsel for Plaintiff Antol that the DVR had been destroyed. Lt. Andy Fias asserted that the reason for the destruction was because it contained images of undercover officers. Defendants WEMET, and Straus had knowledge of the court orders to return the DVR because they returned all other personal property except the DVR and security cameras which were seized at the same time as those items.

On July 9, 2014, Defendant Dent initially released Plaintiff Tryston Antol from the scene. Defendant Dent then threatened Plaintiff Derek Antol into having Tryston Antol return by saying to him "if you think I'm a prick now, if you don't get that phone oever here you'll regret what I'm going to do to your business." Plaintiff Derek Antol then convinced his ex-wife to return Tryston Antol to the scene at which time Defendant Dent seized Tryston Antol's phone. The phone contained a recording of the behavior of the WEMET officers during their presence at Apple

7

Avenue. The destroyed DVR also contained footage of the unlawful behavior of the MSP cigarette tax team regarding their physical intimidation of Ms. Conklin.

**Defendant Trucks' Statement:**

Trooper Casey Trucks generally denies Plaintiff's allegations. At all relevant times, Trooper Trucks acted lawfully and not in a manner that violated any clearly established rights. Trooper Trucks will assert the protections of qualified immunity and any other available defense.

**Statement of Defendants Dent, Strauss, Bringedahl, and Kutches:**

All three search warrants were valid. Contrary to the Plaintiffs' claims, the Plaintiffs' marijuana located at 885 East Apple Avenue in Muskegon was not "lawfully possessed" by him; in fact is was possessed in violation of Michigan law. Moreover, each of the search warrant affidavits properly and specifically addressed the elements of a criminal offense; the actual search warrants were properly issued based on probable cause.

A residence may be secured so that evidence is preserved while a warrant is sought. The "warrantless" search of one home, conducted while the valid search warrant was on its way, was limited in time and appropriate under the totality of the circumstances. In addition, a warrant to search for contraband carries with it the authority to detain occupants of the premises while a proper search is conducted. There was obviously no "false arrest" of an occupant of a home being lawfully searched by peace officers who secured the scene for their own safety and the safety of the occupants and the public.

And finally, the Plaintiffs' claims regarding a cell phone seized from Tryson Antol is frivolous. A review of the search warrant reveals that the judge authorized the seizure of, among other things, cell phones found on the premises. On the face of the complaint, Derek Antol alleges that he was in possession of the cell phone in question while the police was searching the

home.  Mr. Antol cannot hand property subject to a search warrant to a third party in order for the third party to remove it from the property being searched. The police have the power to demand the return of the property being removed from the premises during the execution of a search warrant.

For these reasons and others not set forth, the officers enjoy qualified immunity and are entitled to judgment in their favor.

**<u>Defendant WEMET's statement:</u>**

Plaintiffs' Complaint alleges several causes of action and it is unclear which counts of Plaintiffs' Complaint are asserted against Defendant WEMET.  However, the Complaint is disputed entirely with regard to its asserted legal conclusions and the alleged underlying facts presented in support of them.  Defendant WEMET submits that the facts will show the lawful search of premises by law enforcement agents properly identified in an authorized warrant.  The search and recovery of evidence were conducted pursuant to proper protocol and in accordance with lawful standards.

Plaintiffs' claim damages, in part, based on the allege destruction of a video recording machine.  Any destruction of property lawfully seized was necessitated due its status as contraband or based on the fact its contents compromised the safety and security of the public, of law enforcement, and/or pending investigations.

Even if there is potential liability for the alleged damage to Plaintiff's DVR, which there is not, any damages would be de minimus.  Moreover, at all times the officers acted in good faith, with lawful authority, and in accordance with standards applicable to law enforcement tactical actions.  Additionally, Defendant WEMET enjoys governmental immunity, good faith immunity, and qualified immunity against Plaintiffs' claims.  Plaintiffs' Complaint fails to allege

any particular facts that would give rise to vicarious liability, and does not state a claim under section 1983. Additionally, the timeliness of Plaintiffs Complaint is also questionable

     **5. Pendent state claims**: This case includes a pendent state claim of false arrest by Plaintiff DSA.

     6. **Joinder of Parties and Amendment of Pleadings:** All parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **April 13, 2018**.

     7.     **Disclosures and Exchanges:**

FED. R. CIV. P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the Court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

     (i)    Fed.R.Civ.P. 26(a)(1) disclosures shall be made by Plaintiff by **March 9, 2018** and by Defendants by **March 23, 2018**.

     (ii)    The Plaintiffs expects to be able to furnish the names of Plaintiffs' expert witnesses to the Defendant by **May 4, 2018**. The Defendants expect to be able to furnish the names of Defendants' expert witnesses to the Plaintiff by **May 18, 2018**.

     (iii)    It would be advisable in this case to exchange written expert reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: The Parties expect to provide written expert reports by **July 6, 2018** for Plaintiff and **August 6, 2018** for Defendants.

     (iv)    The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiffs to Defendants by **March 9, 2018**: police reports, previous depositions, property records.

From Defendant Trucks to Plaintiffs by **March 9, 2018**:  police reports.

From Defendants Dent, Strauss, Bringedahl, and Kutches to Plaintiffs by **March 9, 2018:** police report.

From Defendant WEMET to Plaintiffs by **March 9, 2018**: to be determined.

8. **Discovery:**  The parties believe that all discovery proceedings can be completed by **September 28, 2018.** The parties recommend the following discovery plan:  Presumptive limitations as described above and utilization of the dates for disclosures as provided in 7 above.

9. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: in compliance with Fed.R.Civ.P. 34(b)(2)(E).

10. **Assertion of Claims of Privilege or Work−Product Immunity After Production:**

The parties have discussed the handling of privilege or work product information inadvertently disclosed and agree to follow the procedures in Fed.R.Civ.P. 26(b)(5)(B).

11. Motions: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate. The following dispositive motions are contemplated by each party:

PLAINTIFFS:  Motion for summary disposition as to all claims.

Defendant Trucks: Disposition motion raising qualified immunity and any other available defense.

Defendants Dent, Strauss, Bringedahl, and Kutches: Motion for summary judgment as to all claims.

Defendant WEMET: Motion for summary judgment as to all claims.

12. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative Dispute Resolution. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The Parties believe that ADR should occur during the last half of the discovery period so a better assessment can be made of the value of the case and the viability of dispositive motions.

Plaintiff will agree to standard track case evaluation.

Defendant Trucks will not agree to standard track case evaluation but will agree to voluntary ADR with a preference for a settlement conference with a magistrate judge.

Defendants Dent, Strauss, Bringedahl and Kutches will agree to standard track case evaluation.

Defendant WEMET will agree to standard track case evaluation.

13. **Length of Trial:** Counsel estimate the trial will last approximately three (3) days total, allocated as follows: 1.5 days for Plaintiffs' case, 1.5 days for Defendants' case.

14. **Prospects of Settlement:** The parties have not yet engaged in settlement discussions but Plaintiff will attempt to make an offer prior to the Rule 16 Conference.

15. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause

or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16.    **Other**: No information at this time.

Respectfully submitted,

Dated: 2/23/2018

*/s/ J. Nicholas Bostic*
J. Nicholas Bostic (P40653)
Attorney for Plaintiff
909 N Washington Ave.
Lansing MI 48906
517-706-0132
Barristerbosticlaw@gmail.com

Dated: 2/23/2018

*/s/ John G. Fedynsky*
John G. Fedynsky (P65232)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendant Casey Trucks
525 W. Ottawa St., P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
FedynskyJ@michigan.gov

Dated: 2/23/2018

*/s/ Curt A. Benson*
Curt A. Benson (P38891)
Attorneys for Defendants Adam Dent,
Kate Strauss, Casey Bringedahl & Peter Kutches
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI 49546
616-975-7470
avanderlaan@cmda-law.com

Dated: 2/23/2018

*/s/ John M. Karafa*
John M. Karafa P36007
Attorney for Defendant WEMET
120 W. Apple Ave., P.O. Box 599
Muskegon, MI 49443-0559
231-727-2119
doughughes@williamshugheslaw.com

## CERTIFICATE OF SERVICE

I, J. Nicholas Bostic, certify that, on February 23, 2018, I served First Revised Joint Status Report – Rule 16 electronically by using the Court's electronic filing system which will send notice of filing to all counsel of record. I declare that the above statement is true to the best of my information, knowledge and belief.


Dated: 2/23/2018                               */s/ J. Nicholas Bostic*
                                               J. Nicholas Bostic
                                               Attorney for Plaintiff
                                               909 N. Washington Ave.
                                               Lansing, MI  48906
                                               517-706-0132