UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANTOL, DEREK, individually and as next friend for DSAII, a minor, DEREK S. ANTOL, JR. and TRYSTON ANTOL,

    Plaintiffs,

v.

ADAM DENT, KATE STRAUSS, CASEY BRINGEDAHL, CASEY TRUCKS, PETE KUTCHES, and WESTERN MICHIGAN ENFORCEMENT TEAM, a public body organized under the laws of the State of Michigan,

    Defendants.

Case No. 1:17-cv-613

HON. JANET T. NEFF

**DEFENDANTS DENT, STRAUS BRINGEDAHL AND KUTCHES' REQUEST FOR PRE-MOTION CONFERENCE**

_____

J. Nicholas Bostic (P40653)
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing MI  48906
517-706-0132
barristerbostic@att.net

John G. Fedynsky (P65232)
Adam Sadowski (P73864)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendant Casey Trucks
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI  48909
517-373-6434
FedynskyJ@michigan.gov
sadowskia@michigan.gov

Allan C. Vander Laan (P33893)
Curt A. Benson (P38891)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants Dent, Strauss, Bringedahl and Co-counsel for Defendant Kutches
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470
avanderlaan@cmda-law.com
cbenson@cmda-law.com
byanalunas@cmda-law.com

Douglas M. Hughes (P30958)
John M. Karafa (P36007)
Williams Hughes PLLC
Co-counsel for Pete Kutches and Attorneys for Defendant WMET
120 W Apple Ave., PO Box 599
Muskegon, MI  49443-0559
(231) 727-2119
jkarafa@williamshugheslaw.com

_____

## DEFENDANTS DENT, STRAUS, BRINGEDAHL AND KUTCHES' REQUEST FOR PRE-MOTION CONFERENCE

Pursuant to this Honorable Court's civil practice guidelines, Defendants Adam Dent, Kate Straus, and Casey Bringedahl respectfully request a pre-motion conference for the following reasons:

1. Plaintiff Derek Antol operates *Deuces Wild Smoke Shop* in Muskegon, a retail store specializing in smoking and vaping accessories. Behind the shop, in the same building, Mr. Antol and his fiancé Samantha Conklin possessed and sold marijuana in violation of State and Federal law.

2. The West Michigan Enforcement Team ("WEMET") obtained search warrants for *Deuces Wild* and two houses owned by Mr. Antol.

3. As a result of evidence found during the searches of the three buildings, Derek Antol and Samantha Conklin were charged with felonies in Muskegon County Circuit Court. Both pled guilty to reduced charges.

4. The Plaintiffs have brought a wide ranging Six Count Complaint against the officers involved, alleging a variety of "illegal" conduct too extensive to set forth in this request for a pre-motion conference.

5. The three defendants are entitled to government immunity. "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). "When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled

to qualified immunity." ***Livermore ex rel. Rohm v. Lubelan***, 476 F.3d 397, 403 (6th Cir. 2007).

6. The Plaintiffs accuse the Defendants of unlawfully seizing surveillance/security equipment and a DVR. After the criminal case was settled, the Muskegon County Court ordered the return of seized property, including the DVR. The Plaintiffs claim the Defendant Strauss unlawfully ordered the DVR destroyed. Defendant Strauss testified at her deposition however that she was instructed by the Assistant Prosecuting Attorney handling the criminal case to destroy the DVR. She acted in good faith, and is entitled to qualified immunity.

7. The Plaintiffs falsely claim that their marijuana operation at *Deuces Wild* was "lawful," and therefore the search warrants were invalid. But the marijuana operation was not lawful: The Michigan Medical Marijuana Act (MMMA) "does *not* create a general right for individuals to use and possess marijuana in Michigan. Possession, manufacture, and delivery of marijuana remain punishable offenses under Michigan law." ***People v. Kolanek***, 491 Mich. 382, 394 (2012). As a consequence, and contrary to Plaintiffs assertions, a search warrant affidavit "need not provide specific facts pertaining to the MMMA, i.e., facts from which a magistrate could conclude that the possession, manufacture, use, creation, or delivery is specifically not legal under the MMMA." ***People v. Brown***, 297 Mich. App. 670, 674-5, 825 N.W.2d 91, 93 (2012), ***U.S. v. Duval***, 742 F.3d 246, 252 (6th Cir. 2014). The affidavit need only address the elements of an offense, not whether the target of investigation may have an MMMA defense.

8. Count II will fail because police officers have the authority to secure a residence while waiting for a search warrant. WEMET Officers arrived at the Farr Road

address and found a man coming and going from a backdoor. A residence may be secured so that evidence is preserved while a warrant is sought. Such a warrantless seizure supported by probable cause interferes with the owner's possessory interest, but it is reasonable if limited in time. It still preserves the owner's privacy interest until there is judicial authorization to search. See **Segura v. U.S.**, 468 U.S. 796, 104 S. Ct. 3380, 82 L. Ed. 2d 599 (1984).

9. Count IV of the Complaint is specious. It alleges that Mr. Antol's son was falsely arrested while the officers were executing the search warrant on the Farr Road address. It is well-established that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain occupants of the premises while a proper search is conducted." **Michigan v. Summers**, 452 U.S. 692, 704 (1981). In this context, handcuffing of persons at the searched premises is constitutionally reasonable. **Muehler v. Mena**, 544 U.S. 93, 99 (2005).

Wherefore, Defendants Adam Dent, Kate Straus, and Casey Bringedahl respectfully request a pre-motion conference to address their intent to file a motion for Summary Judgment.

DATED: May 31, 2018

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

 /s/ Curt A. Benson_____
Allan C. Vander Laan (P33893)
Curt A. Benson (P38891)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants Adam Dent, Kate Strauss, Casey Bringedahl and Co-counsel for Pete Kutches
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

00706066-1