UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DEREK ANTOL, individually, next
friend of DSA and DSA II, minors,
and TRYSTON ANTOL,

     Plaintiffs,

ADAM DENT, KATE STRAUSS, CASEY
BRINGEDAHL, CASEY TRUCKS, PETE
KUTCHES, and WESTERN MICHIGAN
ENFORCEMENT TEAM, a public body
organized under the laws of the State of
Michigan,

     Defendants.
_____/

Case No. 1:17-cv-00613

Hon. JANEY T. NEFF

J. Nicholas Bostic
Bostic & Associates
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI  48906
(517) 706-0132
barristerbostic@att.net

Allan C. VanderLaan (P33893)
Bradley Charles Yanalunas (P80528)
Curt A. Benson (P38891)
Cummings McClorey Davis & Acho PLC
Attorneys for Defendants Dent, Strauss,
Bringedahl, & Kutches
327 Centennial Plaza Bldg.
2851 Charlevoix Dr., SE
Grand Rapids,  MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com
cbenson@cmda-law.com

Adam P. Sadowski (P73864)
John G. Fedynsky (P65232)
Assistant Attorneys General
Attorneys for Defendant Trucks
Civil Litigation Employment & Elections
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
sadowskia@michigan.gov
fedynskyj@michigan.gov

Douglas M. Hughes (P30958)
John M. Karafa (P36007)
Williams Hughes, PLLC
Attorneys for Defendants Kutches &
Western MI Enforcement Team
120 W. Apple Ave.
P.O. Box 599
Muskegon, MI  49440
(231) 726-4857
doughughes@williamshugheslaw.com
johnkarafa@williamshugheslaw.com

_____

**DEFENDANT CASEY TRUCKS'S PRE-MOTION CONFERENCE REQUEST**

Michigan State Police Defendant, Casey Trucks, by counsel, submits this request for a pre-motion conference.

1. Defendant Trucks is requesting that he be allowed to file a motion for summary judgment on the issues of qualified immunity, failure to state a claim, and failure to provide discovery responses.

2. Plaintiff, Derek Antol, has no claims against Trooper Trucks as stated in discovery responses and his deposition testimony. However, the remaining Plaintiffs have failed, despite multiple requests, to provide dates for their deposition and have failed to provide discovery responses. Their attorney has offered to stipulate to an order compelling their discovery responses and represented that upon entry of such order he will explain the consequences to them. From Derek Antol's deposition, it seems that any claims against Trooper Trucks would be limited to (1) his participation in the search of one of Derek Antol's residences where his children lived, and (2) detaining one of the minor children while a search warrant was being obtained. (See also Compl., R.1 at Pg ID#9-14.)

3. Any claims against Trooper Trucks should be dismissed with prejudice for at least three reasons. First, all claims against Trucks should be dismissed the basis of qualified immunity. There is a lack of adequate affirmative evidence that, if believed, would establish that any of the minor children's clearly established rights under the Fourth Amendment were violated. Second, the minor children have yet to produce discovery responses, nor have they sat for a deposition and should be

barred from presenting evidence that should have been produced by now. Derek Antol has been deposed but he was not even present at the location where Trooper Trucks played an inconsequential role. Third, Plaintiffs fail to state a claim against Trucks as all actions taken by him were objectively reasonable under the circumstances.

4. The Plaintiff children's claim of unlawful search and seizure should be dismissed with prejudice on the basis of qualified immunity. There is a lack of adequate affirmative evidence that, if believed, would establish that any of the minor children's clearly established rights against unreasonable search and seizure were violated. Trooper Trucks merely did as instructed, which was simply aiding in securing a property while a search warrant was obtained. Most important, a warrant was issued and then the house was searched.

5. Plaintiff DSA's claim for false arrest fails as a matter of law. In *Michigan v. Summers*, 452 U.S. 692, 705 (1981), the Supreme Court held that "for Fourth Amendment purposes . . . a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." This is precisely what happened here. After Derek Antol's business was searched and it was determined that he would have had contraband at numerous properties, those properties were then secured and a warrant was sought. Once the warrant was issued, the actual search then proceeded. Additionally, liability for each defendant must be assessed individually on the basis of that defendant's own actions. *Dorsey v. Barber,* 517

F.3d 389, 399 n. 4 (6th Cir. 2008) (citing *Ghandi v. Police Dep't of the City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984)).  Defendant Trucks is not liable for any issues Plaintiffs have with other members of the joint task force.

## CONCLUSION

For these reasons, Trooper Trucks respectfully requests a pre-motion conference.

                                      Respectfully submitted,

                                      BILL SCHUETTE
                                      Attorney General

                                      */s/Adam P. Sadowski*
                                      Adam P. Sadowski (P73864)
                                      John G. Fedynsky (P65232)
                                      Assistant Attorneys General
                                      Attorneys for Defendants Trucks
                                      P. O. Box 30736
                                      Lansing, Michigan  48909
                                      517.373.6434

Dated:  May 31, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

                                        *s/Adam P. Sadowski*
                                        Adam P. Sadowski (P73864)
                                        P.O. Box 30736
                                        Lansing, Michigan  48909
                                        517.373.6434