UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DEREK ANTOL, individually, and as next friend for DSA II, DEVON ANTOL and TRYSTON ANTOL,

              Plaintiffs,

ADAM DENT, KATE STRAUS, CASEY BRINGEDAHL, CASEY TRUCKS, PETE KUTCHES, and WESTERN MICHIGAN ENFORCEMENT TEAM, a public body organized under the laws of the State of Michigan,

              Defendants.

_____/

Case No. 1:17-cv-00613

Hon. JANET T. NEFF

| | |
|---|---|
| J. Nicholas Bostic<br>Bostic & Associates<br>Attorney for Plaintiffs<br>909 N. Washington Ave.<br>Lansing, MI  48906<br>(517) 706-0132<br>barristerbostic@att.net | Adam P. Sadowski (P73864)<br>John G. Fedynsky (P65232)<br>Assistant Attorneys General<br>Attorneys for Defendant Trucks<br>Civil Litigation Employment & Elections<br>P.O. Box 30736<br>Lansing, MI  48909<br>(517) 373-6434<br>sadowskia@michigan.gov<br>fedynskyj@michigan.gov |
| Allan C. VanderLaan (P33893)<br>Bradley Charles Yanalunas (P80528)<br>Curt A. Benson (P38891)<br>Cummings McClorey Davis & Acho PLC<br>Attorneys for Defendants Dent, Strauss, Bringedahl, & Kutches<br>327 Centennial Plaza Bldg.<br>2851 Charlevoix Dr., SE<br>Grand Rapids,  MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com<br>cbenson@cmda-law.com | Douglas M. Hughes (P30958)<br>John M. Karafa (P36007)<br>Williams Hughes, PLLC<br>Attorneys for Defendants Kutches & Western MI Enforcement Team<br>120 W. Apple Ave.<br>P.O. Box 599<br>Muskegon, MI  49440<br>(231) 726-4857<br>doughughes@williamshugheslaw.com<br>johnkarafa@williamshugheslaw.com |

_____

**BRIEF IN SUPPORT OF DEFENDANT CASEY TRUCKS'**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiffs can establish any civil rights violation beyond a de minimis violation.

2. Whether Plaintiffs have personal knowledge that can contradict the affidavit of Defendant Trucks.

3. Whether Defendant has qualified immunity as he did not violate clearly established statutory or constitutional rights that a reasonable person would have known.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The defense of qualified immunity is available to a state actor unless three criteria are met: a constitutional violation has occurred; the violated right was a clearly established right of which a reasonable person would have known; and the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable. *Saucier v Katz*, 533 US 194, 201-02 (2001); *Higgason v Stephens*, 288 F3d 868, 876-77 (6th Cir. 2002); *Williams v Mehra*, 186 F3d 685, 690 (6th Cir. 1999).

## STATEMENT OF FACTS

This is a civil rights action filed under 42 U.S.C. § 1983 by Plaintiffs, Derek Antol, and his three sons. Derek Antol has no claims against Defendant Casey Trucks. (See Deposition of Derek Antol at 77-78, all relevant pages attached as Exhibit A). The main claim being made against Michigan State Trooper Casey Trucks is that when he was alone in a bathroom, at Plaintiffs' residence, he searched in an area that a person could not have been hiding in anticipation of a search warrant.

Plaintiff's son, DSA II, was at home on July 9, 2014, at 1769 North Green Creek when he was awoken by three police officers. (See Deposition of DSA, II at 6-8, attached as Exhibit B). Trucks, the trooper at the house, was standing behind the two local officers and his weapon was not drawn. (Ex. B at 6-7). After DSA was awake, he was told to go to the end of his bed and he claims the Trooper "proceeded to the bathroom and was going through the closets and drawers in there." (Ex. B at 8-9). However, DSA II could not see into the bathroom. (Ex. B at 9). This bathroom had two other doors, not including the main door. (Ex. B at 10). He claims that he heard the cabinets being shut. (Ex. B at 11). He later clarified that there were no drawers to open, just cabinets and doors. (Ex. B at 11). DSA II said there were two cabinets, a medicine cabinet and towel cabinet. (Ex. B at 12). DSA II was not able to see or hear anything else relating to Trucks. (Ex. B at 13).

Defendant Trooper Trucks denies that he looked in any cabinets when he was at the location. (See Affidavit of Casey Trucks, attached as Exhibit C). Trooper Trucks is not a member of WEMET and was simply there to help secure the

1

premises at the request of WEMET. Pursuant to Federal Rule of Civil Procedure 10(c), Defendant incorporates all applicable arguments contains in Co-Defendants' Brief in Support of their Motion for Summary judgment.

## ARGUMENT

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining if summary judgment is appropriate is whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court considers all pleadings, depositions, affidavits, and admissions on file, and draws all justifiable inferences in favor of the party opposing the motion. *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## I. **Plaintiffs do not have personal knowledge of Trucks conduct in the bathroom**

Plaintiffs' claims against Trucks are focused on the allegation that DSA II had heard, not seen, Trucks in the bathroom and that he opened a cabinet while in there during the time that Trucks and other WEMET officers secured the premises. (Pursuant to FRCP 10(c), Defendant Trucks incorporates by reference the arguments contained in Co-Defendant Brief in Support of Their Motion for Summary Judgment on Pages 7-8 regarding securing a residence in anticipation of

2

a search warrant.) These alleged sounds occurred in an adjoining room that no Plaintiff was present in.

DSA II did not see Trucks but claim that he heard the two wooden cabinet doors being closed. This is the same room that had other doors that could have legitimately been opened to secure the premises. DSA II's testimony lacks personal knowledge about what went on in that bathroom pursuant to Federal Rule of Evidence 602 and is therefore inadmissible. This leaves Plaintiffs unable to adequately rebut the affidavit of Trooper Trucks and any claim against him must be dismissed.

## II. Plaintiffs cannot show that they suffered anything more than a de minimis injury

The claims against Trucks are focused on his alleged search of two cabinets when he was alone in the bathroom. Even assuming that to be true (and adequately supported), the injury here is de minimis, especially considering the fact that a warrant was obtained for the home after the fact and was not, even in the slightest, based on any alleged evidence that would have been seen or gathered by Trucks in this these two cabinets.

While not directing on point, the Sixth Circuit would likely not suppress any such evidence in a criminal case. *United States v. Baylis*, Nos. 98-5180/98-5181, 1999 U.S. App. LEXIS 26646, at *5 (6th Cir. Oct. 20, 1999). While Courts have found that there is no de minimis exception to the Fourth Amendment, this case involved the premises being searched that same day with a valid search warrant. The undersigned counsel is unable to find any case that would clearly establish that

3

a de minimis intrusion immediately prior to a search warrant being issued would be a violation of any clearly established right.

### III. Defendant Trucks is entitled to qualified immunity.

Even if Plaintiffs had adequate evidence to show an alleged violation, Plaintiffs cannot sustain their burden that they had a clearly established constitutional right violated under the law. Defendant is entitled to qualified immunity.

Officials or employees of the Michigan State Police who are sued in their individual capacities "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996).

The Sixth Circuit applies a three-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) whether a constitutional violation has occurred; (2) whether the right that was violated was a clearly established right of which a reasonable person would have known; and (3) whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Saucier v. Katz,* 533 U.S. 194, 201-02 (2001); *Higgason v. Stephens*, 288 F.3d 868, 876-77 (6th Cir. 2002); *Williams v. Mehra,* 186 F.3d 685, 690 (6th Cir. 1999). While the defendants bear the initial burden of presenting facts that, if true, would entitle

4

them to immunity, the ultimate burden of proof falls on the plaintiff to show that the defendants violated a right so clearly established that any official in defendants' positions would have clearly understood that he was under an affirmative duty to refrain from such conduct. *Noble*, 87 F.3d at 161.

Defendants are entitled to qualified immunity unless a plaintiff's "rights were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." *Ramirez v. Webb*, 835 F.2d 1153, 1156 (6th Cir. 1987). Moreover, if officials "of reasonable competence could disagree on whether the conduct violated the plaintiff's rights," then the defendants are entitled to qualified immunity. *Caldwell v. Woodford County Chief Jailor*, 968 F.2d 595, 599 (6th Cir. 1992).

In order to find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). "The burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999).

Furthermore, the right cannot be stated in too general of terms. In other words, it is not enough that the right to be provided with necessary medical care be clearly established. The "right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense."

5

*Saucier*, 533 U.S. at 202. The Sixth Circuit has long followed the rule set forth in *Saucier*:

> When determining the objective legal reasonableness portion of the qualified immunity standard, individual claims of immunity must be analyzed on a fact-specific, case-by-case basis to determine whether the plaintiff's constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendants' position would understand that what he did violated those rights.

*O'Brien v. City of Grand Rapids*, 23 F.3d 990, 999 (6th Cir. 1994).

The qualified-immunity inquiry must focus on the "objective reasonableness" of the official's conduct. *Harlow*, 457 U.S. at 818. "Objective reasonableness" has sometimes been characterized as a third prong to the qualified-immunity analysis. *See, e.g.*, *Flint v. Kentucky Department of Corrections*, 270 F.3d 340, 350 (6th Cir. 2001). When analyzing "objective reasonableness," a court "must determine whether the plaintiff has alleged sufficient facts, and supported the allegations with sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Flint*, 270 F.3d at 355.

Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The ultimate burden of proof is on the plaintiff to show that the defendants are *not* entitled to qualified immunity. *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991). To meet this burden, plaintiffs are required to come forward with evidence demonstrating that the actions of each and every defendant were objectively unreasonable in light of the clearly established law. The qualified-

6

immunity analysis must be undertaken in regard to the specific constitutional violation at issue.

The burden-shifting framework of *Mount Healthy* is applicable on summary judgment. *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) and *Thaddeus-X*, 175 F.3d at 399). "After a plaintiff shows that his protected conduct was a motivating factor in the defendant's actions, the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity." *Id.* at 441-42.

There is no admissible evidence that Defendant Trooper Trucks violated any clearly established constitutional right and he is entitled to qualified immunity.

## CONCLUSION AND RELIEF SOUGHT

For the reasons discussed above, Defendant requests this Court grant his motion for summary judgment.

    Respectfully submitted,

    Bill Schuette
    Attorney General

    *s/ Adam P. Sadowski*
    Adam P. Sadowski (P73864)
    Assistant Attorney General
    Attorney for Defendant Trucks
    Civil Litigation, Employment &
    Elections Division
    P.O. Box 30736
    Lansing, MI 48909
    517.373.6434
    sadowskia@michigan.gov
    P73864

Dated: October 2, 2018